IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

DEL'RON GLENN,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )        CV 324-058
                                        )
JERMAINE WHITE, Regional Director;      )
ANDREW MCFARLANE, Warden; RICKY         )
WILCOX, Deputy Warden Security; JOHN    )
DOES, Tact Squad Members; and JIMMY     )
KELLOM, Unit Manager,                   )
                                        )
            Defendants.                 )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.    **SCREENING THE COMPLAINT**

      A.    **BACKGROUND**

      Plaintiff names as Defendants: (1) Georgia Department of Corrections Regional Director Jermaine White, (2) TSP Warden Andrew McFarlane, (3) TSP Deputy Warden of Security Ricky Wilcox, (4) TSP Unit Manager Jimmy Kellom, and (5) "Tact Squad

Member" John Does.  (Doc. no. 1, pp. 1, 4, 8-9.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 21, 2024, inmates in TSP Unit C-1 refused to cooperate in a lockdown and an unidentified inmate stabbed Defendant McFarlane in the back of his head with a shank. (Id. at 9-10.)  Plaintiff was not involved in the inmate disturbance in any way.  (Id. at 10.) He was upstairs in Unit C-1, and the uprising occurred downstairs.  (Id.)  As Defendant McFarlane left the unit after being stabbed, he yelled, "Oh!  I'm coming back and [fucking] over C-1."  (Id. at 11.)  Five minutes later, two cans of teargas deployed from the ceiling exhaust vent without warning, sending clouds of smoke throughout the unit, followed by twenty-five additional cans of teargas.  (Id. at 11-12.)  Deployment of the additional twenty-five cans was excessive because the inmates returned to their cells and were compliant after deployment of the first two cans.  (Id. at 19.)  Fear gripped Plaintiff as his breathing became more labored.  (Id. at 12.)  An hour after the last can of teargas was deployed, John Doe Tactical Squad member Defendants entered the unit wearing gas masks and armed with "monkey gloves."  (Id.)  Going one cell at a time, Defendant Wilcox opened each cell door in the unit and John Doe Defendants systematically entered each cell and brutally beat the inmates despite the inmates posing no threat or attempting any resistance.  (Id.)

When John Doe Defendants entered Plaintiff's cell, he and other inmates were lying face down on the floor with hands outstretched and palms flat on the ground.  (Id. at 12-13.) One John Doe Defendant pointed to Plaintiff and yelled, "That's him!"  (Id. at 13.)  A John Doe Defendant stomped on Plaintiff's hands, and another repeatedly and violently slammed Plaintiff's head against the concrete floor, rendering Plaintiff unconscious.  (Id.)  John Doe Defendants handcuffed Plaintiff, jerked him off the floor, and removed him from the cell.

(Id.)  A John Doe Defendant repeatedly punched Plaintiff in the face while wearing monkey gloves, which "caused severe bruising and swelling that left Plaintiff's face disfigured with both of Plaintiff's eyes swollen closed and severely discolored."  (Id. at 13-14.)  The abuse ended when Defendant White recognized Plaintiff and said to the group, "Ya'll got the wrong guy, that's Glenn, get him to medical, now."  (Id. at 14.)

Plaintiff "received deep lacerations to his face and a knot about the size of a golf ball protruded on his forehead, and numerous bruises and abrasions to his face and head."  (Id.)  Plaintiff was "punched in the face, unprotected, so much so, that he lost all feeling in his face" and his eyes were swollen shut.  (Id. at 14-15.)  Officers took Plaintiff to the medical unit, where he received sutures for the deep lacerations on his face and ibuprofen for pain.  (Id. at 16.)

Defendant Wilcox was present with the John Doe Defendants during this entire operation and did nothing to intervene.  (Id. at 14-15.)  Defendants McFarlane and Kellom were present for the operation, located just outside the unit, and saw Plaintiff's beaten body as he exited.  (Id. at 15.)  Defendants White, McFarlane, Wilcox, and Kellom failed to take action to stop the abuse of Plaintiff and other inmates.  (Id. at 19.)  Defendants McFarlane and Kellom did not record the event or report it, in violation of applicable Georgia Department of Corrections regulations.  (Id. at 15-16.)

Plaintiff filed a grievance that officials forwarded to the Georgia Department of Corrections Criminal Investigations Division.  Because the grievance was referred to this division, officials closed the grievance on all levels including any appeal.  (Id. at 3-4.)  For relief, Plaintiff requests a declaratory judgment and monetary damages.  (Id. at 19-20.)

## B.    DISCUSSION

### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at

557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    Plaintiff Inadequately Identifies John Doe Defendants

Plaintiff lists unidentified John Does on the Tactical Squad as Defendants involved in the incident. (Doc. no. 1, pp. 3-5.) Generally, "fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). An exception exists, "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" Id. (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). In Richardson, the Eleventh Circuit Court of Appeals found merely describing a John Doe defendant as a correctional officer "was insufficient to identify the defendant among the many guards employed [at the facility.]" Id. Here, Plaintiff has similarly identified the John Doe Defendants as "Tact Squad members employed by [Georgia Department of Corrections]" who "conduct[] and respond to emergency situations" at TSP and "whose names [are] presently unknown to Plaintiff." (Doc. no. 1, p. 9.) All Plaintiff has provided by way of identification is that these John Doe Defendants were Tactical Squad members working at TSP on March 21, 2024. (See generally doc. no. 1.) This description is insufficient to enable the officers to be identified from among the many other correctional officers at TSP and served with process. Thus, the Court must recommend dismissal of the John Doe Defendants.

3.      **Plaintiff's Official Capacity Monetary Claims**

Plaintiff sues Defendants White and McFarlane in their individual and official capacities. (Doc. no. 1, p. 8.)  However, the Eleventh Amendment bars official capacity claims against state officials for money damages.  <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985).  Therefore, Plaintiff's official capacity claims against Defendants White and McFarlane for monetary relief fail as a matter of law and should be dismissed.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** all official capacity claims for monetary damages against Defendants White and McFarlane be **DISMISSED**.  By separate Order, the Court directs service of process on Defendants White, McFarlane, Wilcox, and Kellom in their individual capacities based upon Plaintiff's allegations of deliberate indifference to his safety and supervisory liability.

SO REPORTED and RECOMMENDED this 24th day of January, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6