IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DEL'RON GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-058 |
| | ) | |
| JERMAINE WHITE, Regional Director; | ) | |
| ANDREW MCFARLANE, Warden; RICKY | ) | |
| WILCOX, Deputy Warden Security; JOHN | ) | |
| DOES, Tact Squad Members; and JIMMY | ) | |
| KELLOM, Unit Manager, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 12.) One aspect of the objections merits brief comment.

The Magistrate Judge recommended dismissal of the John Doe defendants, unidentified members of the Tactical Squad, because "[g]enerally, 'fictitious-party pleading is not permitted in federal court'" and Plaintiff provided insufficient description of the John Does to distinguish them from other correctional officers at Telfair State Prison. (Doc. no. 9, p. 5 (quoting Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted)).) Plaintiff objects to dismissal of the John Doe defendants, requests "limited discovery to uncover Defendant identities," and argues he "should be granted a reasonable opportunity to identify and serve the John Doe defendants." (Id. at 2, 4.)

"Plaintiffs, particularly when acting *pro se*, may sue 'John Doe' defendants under certain circumstances," Moulds v. Bullard, 345 F. App'x 387, 390 (11th Cir. 2009) (*per curiam*) (unpublished). However, "[a]s the Eleventh Circuit explained in Vielma, courts are not permitted to allow a plaintiff to proceed against a John Doe defendant 'solely on the ground that discovery might reveal an unnamed defendant's identity.'" Owens v. Miami-Dade Cnty., No. 24-CV-24094, 2025 WL 578473, at *4 (S.D. Fla. Feb. 21, 2025) (quoting Vielma v. Gruler, 808 F. App'x 872, 880-81 (11th Cir. 2020) (*per curiam*) (unpublished)). "Instead, [Eleventh Circuit] precedent has always required an unambiguous description of a defendant that enables service of process." Vielma, 808 F. App'x at 880. Where, as here, Plaintiff's description of the John Doe defendants is insufficient to enable service of process, the John Doe defendants are subject to dismissal. Id.; see also Moulds, 345 Fed. App'x at 390 (affirming dismissal of claims against fictitious parties where plaintiff completely failed to describe some officers, only generally described duty stations of others, and made no attempt through discovery to learn defendant names); Owens, 2025 WL 578473, at *4.

However, "a plaintiff who knows the name of one defendant but not another is not without recourse. He can sue the party he knows, conduct discovery, and amend his pleadings or file a new case once he knows the name of other responsible parties." Vielma, 808 F. App'x at 881. Accordingly, Plaintiff may use the tools of civil discovery to obtain the identity of the John Doe defendants and, if discovered, may move to amend his complaint to include his claims against those defendants. "Plaintiff is forewarned that it is his obligation to obtain the name of this defendant using the tools of discovery early in the litigation and in sufficient time for [the John Doe defendants] to participate in the litigation. . . . Moreover, he must provide

the Court with information regarding where th[ose] defendant[s] can be served." Love v. Dep't of Homeland Sec., No. 4:20-CV-83, 2022 WL 4287641, at *2 (S.D. Ga. Apr. 29, 2022).

Accordingly, the Court **OVERRULES** the objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** the John Doe Defendants, as well as all official capacity claims for monetary damages against Defendants White and McFarlane. This case shall proceed against Defendants White, McFarlane, Wilcox, and Kellom as described in the Court's January 24, 2025 Order. (Doc. no. 11.)

SO ORDERED this 6th day of March, 2025, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE